UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                            :

ANDREW PRICE,                                    :
                                                      :      **ORDER GRANTING DEFENDANTS'**
                          Plaintiff,              :      **MOTION FOR SUMMARY**
                                                        :      **JUDGMENT**
          -against-                          :
                                                        :      00 Civ. 8742 (AKH)

THE CITY OF NEW YORK, PATRICK E.  :
KELLEHER, First Deputy Commissioner,  :
in his personal and professional capacity;  :
and MICHAEL A. MARKMAN, NYPD  :
Chief of Personnel, in his personal and  :
professional capacity,  :
                          Defendants.    :
-------------------------------------------------------X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff, an officer with the New York Police Department ("NYPD"), was retired from the NYPD on Ordinary Disability Retirement as of October 26, 1999, following over fifteen years of service with the Department, after he sustained a spinal injury in an off-duty accident that left him wheelchair-bound. Plaintiff was granted Ordinary Disability Retirement following a determination by the Department that the accident and injuries sustained therefrom left Plaintiff unable to perform the duties required of all full-duty police officers. According to NYPD policy, all full-duty police officers are required to perform patrol duties whenever required by the Department, even where such officers are ordinarily assigned to desk positions. Although Plaintiff is able to perform administrative tasks as required by his former position as a Precinct Planning Officer, he is unable to perform necessary patrol functions such as effecting arrests, evacuating persons from dangerous areas, and carrying and operating firearms.

        Subsequent to the NYPD's determination of his retirement status, Plaintiff

brought the instant action claiming that the Defendants had discriminated against him based on his disability in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 1983, the Rehabilitation Act, the Fourteenth Amendment, and New York State and City Human Rights Law. Plaintiff asserts that he should be given all the benefits of a full-duty police officer and seeks an accommodation that would allow him to serve in a permanent, restricted-duty position despite his inability to perform patrol duties as required by NYPD policy.

Following discovery, the parties filed respective motions for summary judgment, appearing before me for oral argument on July 15, 2005. By Summary Order dated July 15, 2005, I denied Plaintiff's motion for summary judgment and granted Defendant's motion as to Plaintiff's claim under the Equal Protection Clause. As to Plaintiff's claim under the ADA, I held that the NYPD had the legal authority to retire members unable to perform the functions of a full-duty officer, and held further that the ADA imposes no obligation on the NYPD to restructure its workforce to accommodate employees with disabilities. See King v. Town of Wallkill, 302 F. Supp. 2d 279, 291 (S.D.N.Y. 2004); Bonner v. N.Y. State Elec. & Gas Corp., 195 F. Supp. 2d 429, 435 (W.D.N.Y. 2002). I nevertheless denied Defendants' motion in this respect, finding that Plaintiff might survive the motion by showing the existence of a de facto policy within the NYPD of allowing disabled officers, irrespective of whether they sustained the disability during the course of their duties or otherwise, to work permanent desk jobs. I directed that the parties engage in a period of limited discovery on this narrow issue with a particular focus on the NYPD's Mayoral Exemption Program, which expressly allows for officers who sustained a disability in the line of duty to continue to work in a full-time capacity regardless of their inability to perform patrol duties. The parties completed the course of discovery as

2

mandated and, after renewal of the Defendants' motion for summary judgment, appeared before me for oral argument on May 11, 2006.

## I. STANDARD OF REVIEW

Summary judgment is warranted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue" of "material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although all facts and inferences therefrom are to be construed in favor of the party opposing the motion, see Harlen Assocs. v. Village of Mineola, 273 F.3d 494, 498 (2d Cir. 2001), the non-moving party must raise more than just "metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[M]ere speculation and conjecture is insufficient to preclude the granting of the motion." Harlen, 273 F.3d at 499. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

## II. DISCUSSION

The burden of setting forth a prima facie case of discrimination pursuant to the ADA, 42 U.S.C. § 12111 et seq., falls, as an initial matter, on the person asserting such discrimination. To establish a prima facie case of discrimination, the plaintiff must establish that: (1) his employer is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without any reasonable accommodation; and (4) he suffered an adverse employment action

because of his disability. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Relevant for the purposes of the pending motion is whether Plaintiff has satisfied the third-prong of the prima facie test set forth in McDonnell, namely whether he has shown that he was able to perform the essential functions of an NYPD officer with or without reasonable accommodation. For the reasons stated below, I find that Plaintiff has failed to show an ability to perform the essential functions of an NYPD officer as determined by NYPD policy and thus grant Defendants' motion for summary judgment.

In determining whether an individual is capable of satisfying the necessary performance standards of his or her employment, "consideration shall be given to the employer's judgment as to what functions of a job are essential[.]" 42 U.S.C. § 12111(8). Thus, deference will be given to the NYPD's determination that all officers, unless subject to the express exception created by the Mayoral Exemption Program for officers disabled in the line of duty, must be ready, willing, and able to perform patrol duties whenever mandated by the needs of the Department. Such deference, however, is unwarranted to the extent that the NYPD in fact has a de facto policy allowing for continued full-time employment by officers unable to perform patrol duties as such policy would necessarily undermine NYPD's assertion that performance of patrol duties is an essential function of one's employment as a police officer.

Plaintiff asserts that the NYPD "has a custom and practice of allowing police officers who receive non-line of duty injuries, and are permanently disabled and unable to perform patrol functions to continue work in the NYPD past the required six month or one year parameters[.]" (See Pl's Supp. Aff. in Opp. to Def's Mot. for Summ. J. at 3.) Plaintiff points specifically to the cases of six NYPD officers who Plaintiff claims either were allowed to continue desk work after suffering an off-duty disability or who were allowed to continue

4

employment despite being unable to perform patrol duties. Defendants dispute Plaintiff's reliance on the cases of these six officers. Defendants note that three of the officers were all deemed by the NYPD to be fit for full duty. Further, a fourth officer, although allowed to continue his employment beyond the one year period ordinarily allowed for disabled officers unable to perform patrol duties, was administratively retired in 2002 per NYPD regulations, following full exhaustion of internal grievance procedures. The parties were unable to create a record regarding the remaining two officers because they were no longer living within the jurisdiction or otherwise available for depositions. In any event, I need not make complete findings as to these six officers. Even accepting Plaintiff's assertions as true, proof of only six officers who allegedly had continued employment with the NYPD despite an inability to perform patrol duties is not proof of a de facto policy contrary to the NYPD's official practice. Accordingly, Plaintiff is unable to satisfy the third prong of the test set forth in McDonnell, 411 U.S. 792, and the case must be dismissed for failure to establish a prima facie case of discrimination.

The complaint against the Defendants is hereby dismissed. The clerk of the court shall mark the case as closed.

SO ORDERED.

Dated: New York, New York
June 23, 2006

Alvin K. Hellerstein
United States District Judge

5